UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTOPHER HUTCHINGSON,

        Plaintiff,

vs.                                   Case No.  3:09-cv-24-J-25MCR

I.C. SYSTEM, INC.,

        Defendant.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Compel (Doc. 19) filed January 13, 2010.[1]

## I.    BACKGROUND

On April 15, 2009, Defendant served Plaintiff with Interrogatories and Requests for Production. (Doc. 19, ¶ 1, Ex. A, B). On January 4, 2010, having received no response, Defendant's counsel contacted Plaintiff's counsel regarding the status of said discovery requests. (Doc. 19, ¶ 2, Ex. C). In response, Plaintiff's counsel stated the discovery responses would be produced on or before January 8, 2010. (Doc. 19, ¶ 3, Ex. C).

---

[1]Although the instant Motion is entitled "*Plaintiff's* Motion to Compel", the Court assumes this is in fact "*Defendant's* Motion to Compel". Additionally, the Court notes that it appears the words "Plaintiff" and "Defendant" are inadvertently interchanged throughout the text of Defendant's Motion. See (Doc. 19, ¶¶ 1, 2, 4).

When Plaintiff failed to provide said discovery responses, Defendant filed the instant Motion to Compel pursuant to Federal Rule of Civil Procedure 37.[2]  On January 19, 2010, Plaintiff filed its response to Defendant's Motion stating that the discovery responses were produced on January 13, 2010.  (Doc. 21, ¶¶ 4, 5, Ex. A).  Accordingly, this matter is now ripe for judicial review.[3]

## II.    ANALYSIS

Motions to compel discovery brought pursuant to Federal Rule of Civil Procedure 37 are committed to the sound discretion of the trial court.  Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).  The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. See United States v. Procter & Gamble Co., 356 U.S. 677, 682, 78 S. Ct. 983, 2 L. Ed.

---

[2]Defendant's counsel asserts that a good faith attempt was made to resolve this matter prior to filing the instant Motion.  (Doc. 19, ¶ 6).  However, the Court is skeptical of this assertion and reminds counsel of Rule 37, Fed. R. Civ. P. and Local Rule 3.01(g), which require a movant to confer with opposing counsel in an attempt to resolve the discovery dispute prior to seeking Court involvement.  The importance of the Local Rules cannot be overstated.  All counsel are expected to be familiar with and comply with all applicable rules of this Court.  The purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention."  Desai v. Tire Kingdom, Inc., 944 F. Supp. 876 (M.D. Fla. 1996).  The term "communicate" has been further clarified to mean, "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues."  Davis v. Apfel, 2000 WL 1658575 (M.D. Fla. 2000).

[3]The Court notes that Defendant served Plaintiff with its discovery requests on April 15, 2009.  (Doc. 19, ¶ 1, Ex. A, B).  Defendant's counsel, however, did not contact Plaintiff's counsel until January 4, 2010 regarding the status of said requests.  (Doc. 19, ¶ 2, Ex. C).  This delay is problematic.  Nevertheless, the undersigned will consider the instant Motion.

2d 1077 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention. <u>S.L. Sakansky & Assocs. v. Allied Am. Adjusting Co. of Fla., LLC</u>, 2007 U.S. Dist. LEXIS 52633, 2007 WL 2010860, *1 (M.D. Fla. 2007). Furthermore, according to the Middle District guidelines, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility." Middle District Discovery (2001) at 1.

Here, Plaintiff asserts that the subject discovery responses were provided on January 13, 2010. (Doc. 21, ¶¶ 4, 5, Ex. A). Therefore, the Court will deny Defendant's Motion without prejudice.[4]

## III. CONCLUSION

Accordingly, after due consideration, it is

**ORDERED**:

Defendant's Motion to Compel (Doc. 19) is **DENIED with prejudice.**

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __22nd__ day of January, 2010.

_Monte C. Richardson_

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party

---

[4]The Court reminds the parties to comply with Local Rule 3.01(g) prior to filing future Motions.