UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTOPHER HUTCHINGSON,

        Plaintiff,

vs.                                    Case No. 3:09-cv-24-J-25MCR

I.C. SYSTEM, INC.,

        Defendant.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Defendant's Second Motion to Compel (Doc. 25) filed February 2, 2010.

**I.    BACKGROUND**

On April 15, 2009, Defendant served Plaintiff with Interrogatories and Requests for Production. (Doc. 19, ¶ 1, Ex. A, B). On January 4, 2010, having received no response, Defendant's counsel made a written request to Plaintiff's counsel regarding said requests. (Doc. 25, ¶ 2, Ex. A). On January 13, 2010, Defendant filed its First Motion to Compel. (Doc. 19).

On January 22, 2010, this Court entered an Order denying Defendant's Motion without prejudice as Plaintiff's counsel had relayed to the Court that the discovery responses were provided on January 13, 2010. (Doc. 21). However, according to Defendant, the discovery responses provided were woefully inadequate. Specifically, Defendant lists the following issues:

-1-

> (1) One response was provided for all of Defendant's Requests for Production which simply stated, "Defendant has everything in Plaintiff's possession."
> (2) Plaintiff's Answers to Defendant's Interrogatories are unverified.
> (3) For Interrogatory Nos. 4, 6, 7, 8, and 14, Plaintiff simply stated, "N/A."
> (4) For Interrogatory Nos. 11 and 12, Plaintiff did not give a complete response.

(Doc. 25, pp. 2-5). On February 9, 2010, Plaintiff responded to the instant Motion stating, again, that the discovery responses have been provided.[1] (Doc. 30). Accordingly, this matter is now ripe for judicial review.

## II. ANALYSIS

Motions to compel disclosures and other discovery under Federal Rule of Civil Procedure 37 are committed to the sound discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts. See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983, 986-87 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention.

---

[1] The Court notes that Plaintiff does not actually respond to the substance of Defendant's Motion. Rather, he lists a series of admissions and denials as if responding to a Complaint and attaches two "Proof[s] of Service," with nothing attached thereto. See (Doc. 30).

Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility." Middle District Discovery (2001) at 1.

Again, the following issues are the subject of Defendant's Motion to Compel:

(1) One response was provided for all of Defendant's Requests for Production which simply stated, "Defendant has everything in Plaintiff's possession."
(2) Plaintiff's Answers to Defendant's Interrogatories are unverified.
(3) For Interrogatory Nos. 4, 6, 7, 8, and 14, Plaintiff simply stated, "N/A."
(4) For Interrogatory Nos. 11 and 12, Plaintiff did not give a complete response.

(Doc. 25). The Court will address each of these issues.

With regard to Plaintiff's response to Defendant's Requests for Production stating, "Defendant has everything in Plaintiff's possession," (Doc. 25, Ex. B), the Court finds this response inadequate. As Defendant correctly stated, Plaintiff has a responsibility to respond to each discovery request as Defendant has a right to know and have copies of all relevant material Plaintiff has regarding the requests posed. Plaintiff has not offered any objection to the requested material and, therefore, the Court concludes Plaintiff does not oppose the subject of the requests. Accordingly, the Court directs Plaintiff to serve Defendant with proper responses to Defendant's Requests for Production no later than **Friday, February 19, 2010.**[2]

With regard to Plaintiff's answers to Defendant's Interrogatories being unverified, Federal Rule of Civil Procedure 33(b)(3) requires interrogatory answers to be ".. in

---

[2]The Court directs Plaintiff to the Federal Rules of Civil Procedure for the rules regarding responses to Requests for Production of Documents.

writing under oath." Accordingly, the Court directs Plaintiff to serve Defendant with verified responses to Defendant's Interrogatories no later than **Friday, February 19, 2010.**

With regard to Plaintiff's answers to Defendant's Interrogatory Nos. 4, 6, 7, 8, and 14 stating, "N/A," (Doc. 25, Ex. B), the Court finds this response inadequate. "Each interrogatory must, to the extent it is not objected to, be answered separately and fully ..." Fed. R. Civ. P. 33(b)(3). Additionally, Defendant contends, Plaintiff failed to provide complete responses to Interrogatory Nos. 11 and 12. Plaintiff has not offered any objection to Interrogatory Nos. 4, 6, 7, 8, 11, 12 or 14 and, therefore, the Court concludes Plaintiff does not oppose the subject of the requests. Accordingly, the Court directs Plaintiff to serve Defendant with adequate responses to Defendant's Interrogatory Nos. 4, 6, 7, 8, 11, 12, and 14 no later than **Friday, February 19, 2010.**[3]

## III. CONCLUSION

Accordingly, after due consideration, it is

**ORDERED:**

Defendant's Second Motion to Compel (Doc. 25) is **GRANTED** as provided in the body of this Order.[4]

---

[3]Again, the Court directs Plaintiff to the Federal Rules of Civil Procedure for the rules regarding Interrogatory responses.

[4]Plaintiff is cautioned that failure to comply with this Order may result in sanctions. See Fed. R. Civ. P. 37(b)(2).

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  11th  day of February, 2010.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party